## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOLLENBACH ENTERPRISES LIMITED PARTNERSHIP, on behalf of itself and all others similarly situated, | |
| Plaintiff, | |
| | Case No. 5:17-CV-00134-HE |
| vs. | |
| OKLAHOMA ENERGY ACQUISITIONS LP; ALTA MESA SERVICES, LP; and ALTA MESA HOLDINGS, LP (including affiliated predecessors and affiliated successors), | |
| Defendants. | |

## ORDER APPROVING CLASS ACTION SETTLEMENT
## AND FINAL JUDGMENT

This matter came on for a class settlement fairness hearing this date, pursuant to due prior notice, to determine the fairness and appropriateness of the proposed settlement of the above styled litigation entered into between the Class Representative and Settlement Class (as those terms, as well as the other terms used herein, are defined in the Settlement Agreement that the parties have filed in this lawsuit) and Defendants. All named parties were present and represented by counsel. Also appearing were the following members of the Settlement Class (if applicable):

____None_____

The Court, having conducted an evidentiary hearing and, after reviewing the Settlement Agreement and all related pleadings and filings and being fully advised in the premises, finds, orders, and adjudges as follows:

1.      The Court previously certified in this lawsuit, for settlement purposes only, a Settlement Class described as follows:

> All persons who are or were royalty owners in Oklahoma wells which had production on or prior to June 30, 2017, where Defendants (including their affiliated predecessors and affiliated successors) are or were the operator (or a working interest owner who marketed its share of gas and directly paid royalties to the royalty owners) as to production from October 1, 2014 through June 30, 2017. The Class claims relate to royalty payments for gas and its constituents (such as residue gas, natural gas liquids, helium, nitrogen, or drip condensate).

> Excluded from the Class are: (1) agencies, departments or instrumentalities of the United States of America, including but not limited to the U.S. Department of the Interior (the United States, Indian tribes, and Indian allottees); (2) the State of Oklahoma or any of its agencies or departments that own royalty interests; (3) Defendants, their affiliates, predecessors, and employees, officers, and directors; (4) any publicly traded company and their affiliated entities that produce, gather, process, or market gas; (5) the claims of royalty owners to the extent covered by prior settlement agreements, if any, in effect at the time suit was filed herein, but only to the extent such prior settlements cover some or all of the Class Wells, Released Parties and Released Claims (the intent being that this settlement be effective as to any matters not already released by any such prior settlement agreements); (6) overriding royalty owners and others whose interest was carved out from the lessee's interest; (7) royalty owners only to the extent they take gas in-kind, if any; and, (8) royalty owners only to the extent receiving payments from third party working interest owners who took their gas in-kind from Class Wells, marketed their share of gas, and provided the royalties to Alta Mesa to distribute to royalty owners.

2.      The Class Representative and Defendants have executed an Amended Settlement Agreement dated as of November 6, 2017 (the "Settlement Agreement), which Settlement Agreement was duly filed with the Court for preliminary approval.

3.      This Court gave preliminary approval to the proposed class settlement after its terms were presented to the Court by counsel and after the filing of the Settlement Agreement with the United States District Court for the Western District of Oklahoma.

4.      Notice of the fairness hearing and the proposed settlement was properly mailed to the putative members of the Settlement Class with known valid mailing addresses and was published, with both the mailing of notice and the publication of notice having been performed in compliance with the requirements specified in this Court's prior orders and in the Settlement Agreement. The Court previously approved both the Plan of Notice and the Notice of Settlement and now finds, orders, and adjudges that the notice to the Settlement Class of the settlement fairness hearing was proper and sufficient under all applicable laws and represents the most practical means of giving notice under the circumstances. Further, each putative member of the Settlement Class was afforded a reasonable opportunity to opt out or object.

5.      Because any appeal by an objecting Class Member to the entire Settlement, Class Counsel Fees and/or Expenses, or Class Representative's incentive award would delay the payment under the Settlement, each objecting Class Member must elect within thirty (30) days of this Order to (a) not appeal; (b) appeal only the objecting Class Member's portion of the Settlement, Fees, Expenses, or incentive award which would be severed from the rest of the case and would not delay the final judgment for all other Class

Members; or, (c) if the objecting Class Member purports to appeal on behalf of the entire

Class (for which he has not been appointed to represent and would likely be in conflict

with) any of the Settlement, Fees, Expenses, or incentive award, or does not definitively

choose option (a) or (b) above, each such objecting Class Member that appeals agrees to

post a cash appeal bond to be set in the Court's sole discretion not to exceed an amount

sufficient to reimburse Class Counsel's appellate fees, Class Counsel's expenses, and the

lost interest for one year to the Class caused by the likely delay.

6.      Attached hereto as Exhibit A is a list of those putative members of the

Settlement Class who have timely and validly opted-out of the class settlement. The

persons listed on Exhibit A are not bound by any of the following provisions of this final

judgment and order, and they are not entitled to receive any Distribution Checks as a result

of the settlement.

7.      At the settlement fairness hearing, and in preparation for such hearing, the

Court considered, among the other matters addressed in this order and final judgment: (a)

the fairness, reasonableness and adequacy of the Settlement Agreement and the class

settlement contemplated therein, and (b) the fairness and reasonableness of the application

for Class Counsel Fees and Expenses.

8.      The Court finds that the class settlement embodied in the Settlement

Agreement is proper and is fair, reasonable, and adequate within the meaning of Rule 23

and was entered into between the Class Representative and Defendants in good faith and

without collusion. The Plan of Allocation and Distribution is also specifically found to be

fair and reasonable to the Settlement Class. The Settlement Agreement and the class

settlement provided for thereunder, including the Plan of Allocation and Distribution, are approved by this Court.

9.     The Order on Class Certification for Settlement Purposes, previously entered by the Court for the purpose of certifying this action as a class action for settlement purposes only, pursuant to Rule 23(a) and (b)(3), is incorporated herein. This matter is, and has been, certified as a class action, for settlement purposes only.

10.     This action is hereby DISMISSED WITH PREJUDICE to the re-filing of same or any portion thereof. The Court retains jurisdiction to administer the settlement distribution process as contemplated in the Settlement Agreement. The Court also retains jurisdiction to enforce this Order Approving Class Settlement and Final Judgment. Notwithstanding the jurisdiction that this Court retains as to such matters, this is a final judgment fully disposing of all claims as to all parties and, therefore, is an appealable order and final judgment.

11.     Each member of the Settlement Class is ordered and adjudged to have conclusively released the Released Claims against the Released Parties for the Released Period as to each of the Class Wells.

12.     Each member of the Settlement Class is hereby barred and permanently enjoined from prosecuting, commencing or continuing any claim or action on any of the Released Claims, and as to any of the Released Parties, by way of claim, counterclaim, offset, or otherwise.

13.     Distributions of the Net Settlement Amount to Settlement Class members shall be based on the assumptions that (a) very few sales of royalty interests have occurred

during the claim and Released Period covered by the class settlement, (b) where sales did occur, it was the intent of the parties that the buyer was entitled to receive payment for past claims, and (c) where royalty interests passed through inheritance, devise or interfamily transfers, it was the intent that the heir, or devisee or transferee also receive payment for past claims. To the extent that these assumptions are not correct in relation to any particular transfers of interests, the Court orders that members of the Settlement Class who receive payment in those particular instances shall in turn make payment to the proper party entitled to such payment, as described in the Settlement Agreement.

14.    Any member of the Settlement Class who receives a payment pursuant to the class settlement and fails to make payment to the proper party pursuant to paragraph 13, above, shall indemnify Defendants and the other Released Parties against any claim made against Defendants and/or any of the other Released Parties by any other person or entity asserting entitlement to the payment.

15.    Members of the Settlement Class who do not receive distributions from the Net Settlement Amount as a result of the assumptions described in paragraph 13 above shall be deemed to have released the Released Claims against all Released Parties, regardless of whether the Settlement Class member who did not receive a distribution from the Net Settlement Amount is entitled to some or all of the distribution made to another Settlement Class member, and regardless of whether the Settlement Class member to whom the distribution was made does or does not comply with the Court's order to make payment to the proper party.

16.     Distribution of the proceeds from the class settlement shall be made to Settlement Class members in accordance with the Plan of Allocation and Distribution previously approved by the Court in this action. The Class Representative, Settlement Class Counsel, Defendants, and the Released Parties shall have no liability to the Settlement Class or to any member of the Settlement Class for mis-payments, over-payments, under-payments, errors, or omissions in the allocation or distribution methodology or process, or for the results of such methodology or process, so long as no such party violates the Plan of Allocation and Distribution approved by the Court and/or violates other orders entered by the Court with respect to the distribution of the Net Settlement Amount. In the event that any Settlement Class member may establish a right to a greater share of the Net Settlement Amount allocated to a Class Well, that Settlement Class member's sole remedy shall be a claim against any other Settlement Class members in the Class Well who were paid more than their proportionate share of the Net Settlement Amount allocated to the Class Well.

17.     By agreeing to settle the claims of the Settlement Class as to the Released Parties in the Class Lawsuit, Defendants do not admit, and indeed specifically dispute and deny, both the claims and assertions of the Class Representative in the Class Lawsuit and any and all liability to the Settlement Class, the Class Representative and Class Counsel.

18.     All documents, electronic data and other materials produced by Defendants in the Class Lawsuit that were designated by Defendants as confidential, shall be returned to Defendants promptly upon the expiration of 30 days after the Settlement Account is closed.

19.     The class settlement approved by this order and final judgment is a compromise and settlement of disputed issues over whether this case could ever be validly certified as a class action suit for purposes of a trial on the merits (as opposed to for purposes of settlement), as well as disputed issues over the claims and defenses asserted in this suit. Neither the Court's certification of the Settlement Class, nor the Settlement Agreement (and the settlement provided for therein), nor the carrying out of the class settlement may ever be used by any person or entity for any purpose in any other litigation against Defendants or any of the other Released Parties for any other purpose, other than to enforce the terms of the Settlement Agreement and this Order Approving Class Action Settlement and Final Judgment.

**IT IS SO ORDERED**.

Dated this 12th day of March, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

# Exhibit A

Bollenbach Enterprises Limited Partnership v. Oklahoma Energy Acquisitions, L.P., et al.

5:17-cv-134

**List of Opt-outs Received**

| **ID** | **Date Received** | **Name** |
|--------|-------------------|----------|
| 1109 | 1/16/2018 | BETTY JO RYSTED 2015 REV TRUST |
| 2589 | 2/20/2018 | BRENT V BEEBE |
| 1373 | 2/20/2018 | CHIEFTAIN ROYALTY COMPANY |
| 3045 | 2/16/2018 | CITATION 2004 INVESTMENT LP |
| 1043 | 2/7/2018 | ROLLIN E DREW |