### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOLLENBACH ENTERPRISES LIMITED PARTNERSHIP,<br>on behalf of itself and all others similarly situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>OKLAHOMA ENERGY ACQUISITIONS LP; ALTA MESA SERVICES, LP; and ALTA MESA HOLDINGS, LP (including affiliated predecessors and affiliated successors),<br><br>                    Defendants. | Case No. 5:17-CV-00134-HE |

### REPLY IN SUPPORT OF MOTION FOR DISTRIBUTION OF FINAL UNDISTRIBUTED FUND AND TERMINATION OF CLASS LAWSUIT

Class Representative Bollenbach Enterprises Limited Partnership ("Class Representative") replies to Defendants' Response [Doc. 70] ("Response") and respectfully asks that its Motion for Distribution of Final Undistributed Funds and Termination of Class Lawsuit [Doc. 69] ("Motion") be granted. The Settlement has been properly administered and is ready to be finally distributed and terminated.

1.      Defendants seek more information about the Non-Distributable Funds identified in paragraph 6 of the Declaration of Jennifer M. Keough Regarding Distribution of Settlement Proceeds [Doc. 68] ("First Keough Declaration"). Had Defendants asked at any point during the twenty days since the filing of the Motion, Class Representative would have informed Defendants that, in preparing the Summary Final Distribution Report, JND

noticed that $1,200.16, out of the $2,857,707.30 Net Settlement Amount (.04%), was to be distributed to entities excluded from the Settlement Class under paragraph 1.22 of the Amended Settlement Agreement, namely: Defendant Oklahoma Energy Acquisition, L.P. ($1.33); Panhandle Oil & Gas, Inc. ($54.67); Oxy USA, Inc. ($67.08); XTO Energy ($301.16); and Chesapeake Exploration LLC and Chesapeake Royalty LLC ($775.92). *See* First Declaration at ¶7; Second Declaration of Jennifer M. Keough ("Second Declaration"), attached hereto as **Exhibit 1** at ¶2. Because this money, part of the Settlement Proceeds, was neither Monies Payable to Opt-Outs nor Undistributed Proceeds under the Settlement Agreement, it remained in the Bollenbach Settlement Account pending further order of this Court. *Id.* No provision of the Amended Settlement Agreement supports returning this money to Defendants. *See* Response at ¶3. Indeed, just the opposite. The Amended Settlement Agreement provides that the Settlement Proceeds shall inure to the benefit of the Settlement Class, not Defendants. Doc. 42-4 at ¶¶1.8 and 3.2.

2.    Regarding Defendants' concern about Undistributed Proceeds, the Settlement Administrator has not identified any monies were not distributed due to title defects burdening an owner's interest in a lease. Second Declaration at ¶3. So, there are no "identified funds to be returned to Alta Mesa's suspense account." *See* Response at ¶5. Again, had Defendant inquired about this concern at any point during the twenty days since the filing of the Motion, Class Representative could have easily provided the information to address Defendants' concern, rather than burden the Court.

3.    Moreover, paragraph 1.27 defining the Undistributed Proceeds further provides that, "Except as provided in paragraphs 1.1 and 1.10, above, Alta Mesa shall not

2

otherwise be entitled to receive any amount of the Undistributed Proceeds, nor shall it have any obligations with respect to such amounts." Doc. 42-4 at ¶1.27. Paragraph 1.1 addresses Administration Expenses and is inapplicable here; and paragraph 1.10 addresses the Final Undistributed Fund, which expressly excludes Monies Payable to Opt-Outs that were due to Alta Mesa under the Settlement Agreement and were paid to Alta Mesa in April 2018. *See* First Declaration, Doc. 68 at ¶5. No other funds are due Alta Mesa.

4. Defendants' final concern about Class Representative's filing a satisfaction of judgment is now moot. The satisfaction of judgment has been filed [Doc. 71], even though, as stated in the Motion, all claims against Defendants were already dismissed with prejudice per the Order Approving Class Action Settlement and Final Judgment. Doc. 58 at ¶10.

5. Finally, Defendants take no issue with the suggested *cy pres* recipients presented in the Motion. *See* Motion at ¶¶1, 3. As stated in the Motion, the Amended Settlement Agreement provides that the Court, with input from Settlement Class Counsel as to suggested recipients, determines the proper disposition of the Final Undistributed Fund. Doc. 42-4 at ¶1.10. The Amended Settlement Agreement provides Defendants no say in this process because they have obtained their dismissal with prejudice and release of the Released Claims.[1]

6. Class Representative respectfully requests one adjustment to the proposed distribution in the Motion, however. The Settlement Administrator has been contacted by

---

[1] Notably, Defendants took <u>no</u> position on any of Class Representative's three (3) prior motions for distribution of the Settlement Funds. *See* Docs. 60, 64, and 66.

3

the executor of the estate of Class Member Walter Lawrence Williams to notify it that Mr. Williams has passed away and to request a replacement Distribution Check in the amouint of $1,863.11 made payable to Mr. Williams' estate. Second Keough Decl. at ¶4. To effectuate the purpose of the Settlement and distribute the Net Settlement Amount to Class Members, Class Representative asks the Court to authorize the distribution of $1,863.11 from the Final Undistributed Funds to Mr. Williams' estate.

7. With this adjustment, Settlement Class Counsel suggests the Final Undistributed Fund be distributed to the following recipients in the amounts shown:

| | |
|---|---|
| The Estate of Walter Lawrence Williams | $ 1,863.11 |
| Oklahoma State University<br>Division of Agricultural Sciences and Natural Resources<br>http:\\dasnr.okstate.edu<br><br>Oklahoma State University Foundation<br>400 South Monroe<br>Stillwater, OK 74074<br>Telephone: 1-800-622-4678<br>Email: info@osugiving.com<br><br>To enable research and education on Oklahoma's development of energy resources. | $50,000.00 |
| Northwestern Oklahoma State University<br><br>Northwester Foundation & Alumni Association<br>709 Oklahoma Blvd<br>Alva, OK 73717<br>Telephone: (580) 327-8598<br>Email: smengelken@nwosu.edu<br><br>To enable education on oil and gas accounting or petroleum engineering | $50,000.00 |

| | |
|---|---|
| University of Oklahoma College of Law<br>Andrew M. Coats Hall<br>300 Timberdell Road<br>Norman, OK 73019<br><br>Casey T. Delaney, Assistant Dean of External Affairs<br>Stephen S. Gensler, Associate Dean of Research and Scholarship<br><br>To support its concentration in Oil and Gas, Natural Resources, and Energy Law and continued support of OU Law Professor Steven Gensler's *Federal Rules of Civil Procedure, Rules and Commentary (2018 edition)*, which is used nationwide by courts including in class action litigation. | $50,000.00 |
| Kingfisher County Charity<br><br>Center of Family Love<br>P.O. Box 245<br>Okarche, OK 73762<br>Telephone: (405) 263-4658, ext. 1012<br>Email: communityrelations@cflinc.org<br>https:\\centeroffamilylove.org<br><br>To support its efforts to provide quality lifetime care to individuals with developmental disabilities in Kingfisher County, Oklahoma. | $20,803.81 |
| Total | $172,666.92 |

A revised proposed order granting this relief will be submitted according to the CM/ECF Policies and Procedures Manual.

8. Upon the clearance of the foregoing distributions from the Bollenbach Settlement Account, Class Representative renews its request that the Court direct the closure of this Class Lawsuit and the release of the Settlement Administrator JND Legal Administration, Inc. from further duties of administration. *See* Mot. at ¶¶ 5-6.

A revised proposed order granting the Motion [Doc. 69] and directing the distribution in accordance with the foregoing table, the closure of the website and telephone support line established for this Settlement, and release of the Settlement Administrator from further duties with respect to the administration of the Settlement will be submitted for the Court's consideration.

Respectfully Submitted,

 /s/ Rex A. Sharp
REX A. SHARP
OBA No. 011990
Rex. A. Sharp, P.A.
5301 W. 75th Street
Prairie Village, KS 66208
(913) 901-0505
(913) 901-0419 fax
rsharp@midwest-law.com

REAGAN E. BRADFORD
OBA No. 22072
W. MARK LANIER
Texas State Bar No. 11934600
The Lanier Law Firm
*Houston Office*:
6810 FM 1960 West
Houston, Texas 77069
Telephone: (713) 659-5200

*Oklahoma Office*:
100 E. California Avenue, Suite 200
Oklahoma City, OK 73104
WML@LanierLawFirm.com
Reagan.Bradford@LanierLawFirm.com

**COUNSEL FOR THE SETTLEMENT CLASS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of October 2018, a true and correct copy of the foregoing document was delivered via the ECF system to the following counsel of record:

L. Vance Brown
Eric L. Huddleston
Wyatt D. Swinford
ELIAS, BOOKS, BROWN&NELSON, P.C.
Two Leadership Square
211 N. Robinson, Suite 1300
Oklahoma City, Oklahoma 73102
Telephone: 405-232-3722
Facsimile: 405-232-3746
vbrown@eliasbooks.com
ehuddleston@eliasbooks.com
wswinford@eliasbooks.com

Mark D. Christiansen, OBA #1675
MCAFEE&TAFT, A PROFESSIONAL CORPORATION
10th Floor, Two Leadership Square
211 N. Robinson Ave.
Oklahoma City, Oklahoma 73102
Telephone: 405-552-2235
Facsimile: 405-228-7435
mark.christiansen@mcafeetaft.com

                                              /s/ Rex A. Sharp
                                              REX A. SHARP